IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL M. MONTEVERDI,**

 **Plaintiff,**

vs.           Case No. 4:10cv77-SPM/WCS

**DENNIS A. WILLIAMSON,**
**UNITED STATES MARSHALS SERVICE,**

 **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff filed an emergency motion for temporary injunction, doc. 1, and Defendant filed a motion to dismiss, doc. 12, asserting there is no controversy between the parties. Plaintiff was directed to respond to the motion to dismiss,[1] doc. 13, and Plaintiff's response was filed on May 27, 2010, doc. 14, along with a motion for emergency hearing, doc. 15. I entered an order on June 2, 2010, denying Plaintiff's motion for an emergency hearing. Doc. 16. I noted that it appeared this case would be

---

[1] This case concerns Plaintiff's claim that when he is released from the Florida Department of Corrections in a few months to a federal prison, the United States Marshals Service will transport him. Doc. 1. Plaintiff alleges he is a practitioner of the Wiccan religion and needs certain religious items to practice his faith in accordance with the guarantee of the First Amendment. *Id.* Plaintiff contends that the United States Marshals Service will not allow him to retain his religious items and he seeks an injunction to permit him to retain the items. *Id.*

moot based on lost or misplaced property and the fact that a letter was provided giving assurances that Plaintiff's property would be transported. It has been over two months since that order was entered, and the Plaintiff's copy of the orders has been returned to the court. Docs. 17, 19. Plaintiff has not provided a notice of change of address, and it appears that he has abandoned this litigation, presumably because the controversy is moot.

Attached to the motion to dismiss, which Plaintiff acknowledged receiving, was a letter from the United States Attorney's Office which advised Plaintiff that the four items he requested be transported with him will be transported. *See* doc. 12-1. Also attached to the motion to dismiss was a declaration made under oath by the United States Marshal for the Northern District of Florida, Dennis Williamson, attesting that when Plaintiff is transported on or about June 3, 2010, "the United States Marshals Service intends to transport the items described in the Plaintiff's complaint in this matter, specifically, his 1) Book of Shadows," 2) Nanta Bag, 3) Tarot Cards, and 4) Pentagram Medallion. Doc. 12-2.

To be granted an injunction, a plaintiff must have standing. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects. O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S. Ct. 669, 675-76, 38 L. Ed. 2d 674 (1978). Plaintiff must show that any alleged injury is "actual or imminent, not conjectural or hypothetical." Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 115 S. Ct. 2097, 2104, 132 L. Ed. 2d 158 (1995); Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Plaintiff's concern is now in the past as he was due to be transported the end of June, 2010. The mail returns confirm Plaintiff has been transported already. Further, because Defendant contends the Marshals Service will transport Plaintiff's items. There is no controversy in this situation and the motion to dismiss should be granted.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 12, be **GRANTED** as Plaintiff's case is **moot,** and Plaintiff's case-initiating motion for a temporary injunction, doc. 1, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 13, 2010.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**